Plaintiff, as holder and owner of a promissory note executed by the defendants, has appealed from a judgment dismissing his suit on the defendants' plea of prescription of five years.
The note sued upon is dated October 8th, 1930. It is payable in monthly installments of $11.20 beginning on November 8th 1930, and provides that failure to pay any one of the installments, when due, shall cause the entire obligation to mature. It is alleged in the petition that partial payments on account of the installments due were made by defendants and that the last of these payments was made on October 31st 1933. Defendants admit the execution of the note but, pointing to the fact that suit was not filed on the same until September 21st, 1938, assert that the action is barred by prescription of five years under Article 3540
of the Civil Code. Plaintiff, however, contends that prescription has not accrued because it has been interrupted by payments which have been made on account of the obligation.
The judge of the lower court, not being satisfied with the proof offered by plaintiff to show that prescription was interrupted, sustained the plea.
The case has been submitted to us for decision on the record and neither side has favored us with oral argument or brief. At the trial plaintiff attempted to show that, during the months of September and October, 1933, one of the defendants, Mr. Bourgeois, while in the employ of the M. M. Meat Market, made several payments varying between $1 and $4 on account of the indebtedness on the promissory note and that the last payment was made by him on October 31st, 1933. Testimony to that effect was given by a Mr. Salathe, an employee of the plaintiff. When this witness was questioned, as to whether the payments were made by Bourgeois, he stated that some of the payments were made personally by him; that others were made by the cashier of the M. M. Meat Market and that Bourgeois had authorized the cashier to make those payments.
Bourgeois, testifying on his own behalf, denied that he had made any payments on the note during September or October, 1933, or that he authorized anyone employed at the M. M. Meat Market to make payments for his account. He says that the last payment made by him was in the latter part of June or the first part of July, 1933.
After hearing this evidence, the judge advised counsel for plaintiff that the proof was insufficient to show that prescription had not accrued and that he would continue the case for further hearing, in order to permit plaintiff to submit additional evidence to show that the alleged payments on account had been made. In compliance with this ruling, plaintiff thereafter produced Mr. Anthony J. Marciante, who testified that he was president and manager of the M. M. Meat Market; that plaintiff informed him by letter of Bourgeois' obligation and told him that, if Bourgeois did not pay, garnishment proceedings would be taken; that plaintiff wrote two letters to that effect; that the first one was received during August, 1932; that he told Bourgeois that the M. M. Meat Market would not continue him in its employ unless he satisfied his creditors and that Bourgeois stated that he would make arrangements to take care of his debts. Mr. Marciante further stated that, on September 7th, 1933, he received another letter from the plaintiff demanding that payments be made; that, upon the receipt of this letter, he discharged Bourgeois and that he does not remember that he ever made any payments to plaintiff for Bourgeois' account.
With the testimony of Mr. Marciante before him, the judge of the lower court was convinced that the running of prescription had not been interrupted and sustained defendants' plea. After examining the record, we think that the judge was correct, because the evidence produced by the plaintiff is wholly insufficient to warrant the conclusion either that Bourgeois personally made payments after July, 1933, on account of the indebtedness or that, if any payments were made by the cashier of the M. M. Meat Market, they were given with the knowledge or consent of Bourgeois.
The judgment appealed from is affirmed. *Page 109